UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE V. GONZALES, Personal Representative of the Estate of MIGUEL VIVERO GONZALES, Deceased, and his heirs,<br><br>            Plaintiff,<br>v.<br><br>F/V DANIELA, U.S. Coast Guard official number 531005, her engines, tackle, apparel, furniture, and appurtenances *in rem*; AACH HOLDING CO. NO. 2, LLC, a Florida limited liability company; AACH HOLDING CO., LLC, a Florida limited liability company; SARDINHA AND CILEU MANAGEMENT, INC., a California corporation, *in personam*, and DOES 1 through 20, inclusive,<br><br>            Defendants. | Civil No. 11cv01066 AJB (JMA)<br><br>**Order Denying Motion to Dismiss**<br><br>[Doc. No. 16] |

On May 14, 2011, the Plaintiff, Eve V. Gonzales, wife of the Decedent, Miguel Vivero Gonzales, filed a complaint alleging wrongful death and survival actions under the Jones Act, General Maritime Law, Death on the High Seas Act, and Merchant Seamen Protection and Relief Act. *Pl.'s Compl.*, Doc. No. 1, at 1. The Plaintiff filed the complaint against the Defendants, AACH Holding Co., AACH Holding Co. No. 2. LLC, F/V Daniela, and Sardinha and Cileu Management ("SCM"), Inc. *Id.* The Plaintiff alleges that the Decedent died "as a result of injuries and complications legally resulting from an accident" while aboard the Defendant's ship, the Daniela. *Id.* at 3. On March 2, 2012,  the

Defendants specially appeared and filed a motion to dismiss for lack of personal jurisdiction. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 1. On April 23, 2012, the Plaintiff filed a response in opposition to the Defendants' motion to dismiss. Doc. No. 24. On May 7, 2012, the Defendants filed a reply in support of their motion to dismiss. Doc. No. 25. The hearing set for August 17, 2012 is hereby VACATED as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Defendant's motion to dismiss, [Doc. No. 16], is hereby DENIED.

## *Legal Standard*

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). On a motion to dismiss, the court may decide the issue of personal jurisdiction on the basis of affidavits and documentary evidence submitted by the parties, or hold an evidentiary hearing regarding the matter. *See Data Disc, Inc. v. Sys. Tech. Ass'n Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Under either procedure, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). If the motion is based on affidavits and documentary evidence, the plaintiff need only make a prima facie showing of facts establishing personal jurisdiction, namely, "facts that if true would support jurisdiction over the defendant." *Id*. Uncontroverted allegations in the complaint are accepted as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id*.

## *Discussion*

### *I. Personal Jurisdiction*

The Defendants move to dismiss the Plaintiff's complaint for lack of personal jurisdiction. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 17. The Plaintiff maintains that jurisdiction is proper because Defendant SCM is the agent of Defendants AACH2 and AACH "and stands in the shoes of AACH2 or AACH when operating and managing the vessel." *Pl.'s Opp'n to Def.'s Mot. to Dismiss*, Doc. No. 24, at 10.

#### *A. Legal Standard*

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must

satisfy the requirements of the applicable state long-arm statute." *Id*. "Second, the exercise of jurisdiction must comport with federal due process." *Id.* at 1404-05. Because California's long arm statute is coextensive with the limits of due process, the court need only consider the requirements of due process. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

Due process requires that a nonresident defendant have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Where the claim does not arise out of a defendant's contacts with the forum, there is no specific jurisdiction. However, "[i]f the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). In addition to establishing the requisite contacts, the assertion of jurisdiction must be found reasonable. *Id*. A court may excercise either general or specific jurisdiction over a non-resident defendant. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

"For purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990). "In determining the sufficiency of a defendant's contacts, it is not only defendant's activities in the forum, but also actions relevant to the transaction by an agent on defendant's behalf, which support personal jurisdiction." *Theo H. Davies & Co. v. Republic of the Marshall Islands*, 174 F.3d 969, 974 (9th Cir. 1999). "The agency test is satisfied by a showing that the subsidiary functions as the parent corporation that if it did not have a representative to perform them, the corporations own officials would undertake to perform substantially similar services." *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001).

### B. Analysis

The Defendants argue that neither AACH2 nor AACH has engaged in any forum-related acts which would give rise to a finding of specific jurisdiction. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 12. The Defendants also argue that neither AACH2 nor AACH has the requisite minimum contacts with California to support a finding of specific jurisdiction. *Id*. at 11. The Plaintiff argues that Defendant SCM is the managing agent or operator of the vessel. *Pl.'s Opp'n to Def.'s Mot. to Dismiss*, Doc. No. 24, at 10. The Plaintiff argues that jurisdiction over Defendants AACH2 and AACH is still proper

because SCM, a San Diego company, is the agent of AACH2 and AACH "and stands in the shoes of AACH2 or AACH when operating and managing the vessel." *Id*. The Plaintiff relies on SMC invoices sent to AACH charging for a "management fee" regarding the Daniela. *Id*. at 12. The Plaintiff also offers AACH and AACH2's insurance policies regarding the Daniela, which were placed with a San Diego insurance broker and delivered to SCM's offices. *Id*. at 13. Additionally, the Plaintiff offers various invoices that were sent to SCM's offices for the Daniela's parts and supplies. *Id*. at 13. The Plaintiff also offers evidence in the form of a deposition of one of SCM's owners regarding SCM's dealings with AACH2 and AACH. Thus, the Plaintiff argues that because SCM performed essential functions on behalf of AACH2 and AACH in managing the vessel, SCM's acts in California can be imputed to Defendants. *Id*. at 14. In the Defendants' reply the Defendants argue that SCM "was never decedent's employer and had nothing to do with the incident". *Def.'s Reply in Supp. of Def.'s Mot. to Dismiss*, Doc. No. 25, at 4. As discussed above conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The Court concludes that based on the affidavits and evidence submitted, the Plaintiff has made a prima facie showing of facts establishing personal jurisdiction over Defendants AACH and AACH2.[1]

## *II. Dismissal of SCM*

Defendants argue that the action should be dismissed against SCM, because SCM cannot be held liable to Plaintiff under any theory alleged in the complaint. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 17. Specifically, the Defendants argue that SCM does not own, operate, or manage the Daniela as alleged by the Plaintiff in the complaint. *Id*. The Defendants argue that under the Jones Act, an action may only be brought against an employer, and since SCM is not an employer, SCM cannot be held liable by the Plaintiff. *Id*.

---

[1] The Plaintiff asks the Court to take judicial notice of two past rulings in cases that involved the same Defendants and the issue of personal jurisdiction in the District Court of San Diego. *Pl.'s Opp'n to Def.'s Mot. to Dismiss*, Doc. No. 24, at 5. "Taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003). Accordingly this Court declines to take judicial notice of another court's ruling.

### *A. Legal Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. 544, 556 (2007)).

### *B. Analysis*

Defendants contend that SCM does not own, operate, or manage the Daniela and since a Jones Act action may only be brought against an employer and SCM was not the Decedent's employer, the Plaintiff's claims against SCM should be dismissed. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 17. In the Plaintiff's complaint the Plaintiff alleges that Defendant SCM is one of the operators and managers of the vessel as well as Defendants' co-employer. *Pl's Compl.*, Doc. No. 1, at 4. The Plaintiff further alleges that the Decedent was employed by Defendants and died while working as a seaman aboard the vessel while in the service of the vessel. *Id*. at 5. Additionally Plaintiff alleges that all Defendants were agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-defendant. *Id*. At this stage of the proceedings, Plaintiff need only set forth factual allegations to support the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court finds that Plaintiff sufficiently alleges Defendant SCM is an employer and acts as manager, operator and owner of the vessel to support the claims for relief. The Defendants' motion to dismiss Defendant SCM is DENIED.

### *III. Vessel as Defendant*

In the Defendants' motion to dismiss, the Defendants allege that the Daniela was improperly named as a Defendant. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 18. The Defendants argue that pursuant to "*Supplemental Admiralty and Maritime Claims Rule* C(2)(a), for an *in rem* action to proceed, that the Complaint be verified." *Id*. at 19. The Defendants argue that Plaintiff's complaint is not verified and this defect alone provides the court with procedural authority to dismiss this action against the Daniela. *Id*. at 19. In the Plaintiff's opposition the Plaintiff argues that "given the transitory nature of vessels, under Supplemental Rules for Admiralty or Maritime Claims, Rule E(3)(b), issuance and delivery of process *in rem* shall be held in abeyance if the plaintiff so requests." *Pl.'s Opp'n to Def.'s Mot. to Dismiss*, Doc. No. 24, at 15.

The Defendant fails to provide any case law or citation of authority which demonstrates that dismissal of the Defendant, the Daniela, is warranted based on this alleged defect. Absent any legal analysis or citation to authority supporting their argument, the Court finds the Defendants' unsupported arguments unpersuasive. Accordingly, the Defendants' motion to dismiss for improperly naming the vessel is DENIED.

### *IV. Request to Transfer Case to the Southern District of Florida*

In the event the Court does not dismiss the action, the Defendants request the Court transfer this case to the Southern District Court of Florida. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 19. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court may consider the convenience of the parties and witnesses, and the promotion of judicial efficiency and economy in determining whether to transfer an action. *Id*. The moving party has the burden of demonstrating transfer would be more convenient and better serve the interests of justice. *See Commodity Futures Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The Defendants argue that the Southern District of Florida is the more appropriate venue because it is where Defendants AACH and AACH2 reside. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 19. In the reply, the Defendants also argue that the documents and witnesses relating to this case are located in Florida. *Def.'s Reply in Supp. of Def.'s Mot. to Dismiss*, Doc. No. 25, at 1. According to the Ninth Circuit, "the defendant must make a

strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Defendants' argument that witnesses and documents are located in Florida is too vague to make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum. The Court finds the Defendants' arguments are insufficient to support that a transfer would be more convenient and better serve the interests of justice. The Defendants have failed to meet their burden and the Defendants' request to transfer venue is DENIED.

*V. Plaintiff's Standing to Sue*

The Defendants argue that the Plaintiff does not having standing to sue on behalf of her deceased husband because the Plaintiff has not produced evidence showing that she is legally the personal representative of the estate of the Decedent. *Def.'s Mot. to Dismiss*, Doc. No. 16, at 21. In the Plaintiff's opposition the Plaintiff argues that "under state law the wrongful death heirs have the right to sue in their own name" and that the personal representative has a right to bring survival claims on behalf of the decedent's estate. *Pl.'s Opp'n to Def.'s Mot. to Dismiss*, Doc. No. 24, at 15. The Plaintiff also includes her and the Decedent's marriage license as well as letters of administration issued by the High Court of American Samoa, appointing the Plaintiff as the administrator of the Decedent's estate. *Id*. In the Defendants' reply, the Defendants fail to address the evidence provided by the Plaintiff in the opposition. The Defendants fail to provide case law in their motions explaining why dismissal of the Plaintiff is warranted. Accordingly, the Defendants' motion to dismiss is DENIED.

### *Conclusion*

Based on the foregoing the Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

**IT IS SO ORDERED.**

DATED: June 21, 2012

 _____
 Hon. Anthony J. Battaglia
 U.S. District Judge